**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| GW ACQUISITION CO., LLC, | |
| Plaintiff/Counterclaim Defendant, | Case No.: 1:22-cv-255 (LMB/JFA) |
| v. | |
| PAGELAND LIMITED LIABILITY COMPANY, et al., | |
| Defendants/Counterclaim Plaintiffs/Third-Party Claim Plaintiffs, | |
| v. | |
| MAGLANDBROKER, LLC, et al., | |
| Third-Party Defendants. | |

**THIRD-PARTY DEFENDANTS' ANSWER TO THIRD-PARTY COMPLAINT**

Third-Party Defendants Mary Ann Ghadban and MagLandBroker, LLC, by counsel, answer the numbered paragraphs of the Third-Party Complaint as follows:

1. Third-Party Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

2. Third-Party Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

3. Third-Party Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

4. These allegations are admitted.

5. These allegations are admitted.

6. These allegations are admitted.

7. No response to this paragraph is required because it does not purport to set forth any allegation of fact.

8. Third-Party Defendants deny any tortious actions occurred, but admit that the real property that is the subject of the Third-Party Complaint is located within the Eastern District of Virginia.

9. Third-Party Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

10. These allegations are denied, except Third-Party Defendants admit that they assembled landowners of over 800 acres in the Pageland Lane community for a Comprehensive Plan Amendment ("CPA ") to change the permitted use of the assembled properties from A-1, one house per 10 acres, to a proposed data center corridor.

11. These allegations are denied, except Third-Party Defendants admit that QTS is the contract purchaser for the approximately 812 acre assemblage, and that Third-Party Defendants contacted eleven potential data center user/purchasers.

12. These allegations are denied, except that Third-Party Defendants admit that Ms. Ghadban owns approximately 55 acres of land that is adjacent to the Manassas Battlefield on Pageland Lane. Third-Party Defendants specifically deny that Ms. Ghadban had previously listed her property for sale in connection with the development of a power corridor by Dominion Energy. By way of further answer, Third-Party Defendants state that Ms. Ghadban's property includes a small portion of wetlands, approximately 1.65 acres, and that Sellers' property includes wetlands of approximately 33 acres.

13. These allegations are admitted.

14.     These allegations are denied, except Third-Party Defendants admit that Ms. Ghadban discussed with Jon Brower the possibility of including his property in the assemblage that Ms. Ghadban was pursuing. Third-Party Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the final two sentences of this paragraph.

15.     These allegations are denied, except Third-Party Defendants admit that each of the Pageland Lane owners in the assemblage entered into a Listing and Marketing Agreement. Third-Party Defendants admit that Exhibit 3 to the Third-Party Complaint is an unsigned copy of the Listing and Marketing Agreement entered into by Pageland Limited Liability Company on August 19, 2020, which Agreement speaks for itself, and Third-Party Defendants deny any allegations inconsistent with its terms. Third-Party Defendants deny that the Listing Agreement's Nondisclosure and Confidentiality clauses are onerous. By way of further answer, Third-Party Defendants state that Sellers had the benefit of legal counsel prior to signing the Listing and Marketing Agreement.

16.     The Listing Agreement speaks for itself, and Third-Party Defendants deny any allegations inconsistent with its terms.

17.     The Listing Agreement speaks for itself, and Third-Party Defendants deny any allegations inconsistent with its terms.

18.     Third-Party Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

19.     Third-Party Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations to Sellers' alleged reliance, and Third-Party Defendants deny the characterization of the alleged representations.

20. These allegations are denied, but Third-Party Defendants admit that Ms. Ghadban sent an email to Sellers dated July 25, 2021 that provided an update on the negotiations and described a proposed counteroffer ████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████

21. These allegations are denied, but Third-Party Defendants admit that Sellers asked about having ████ of the purchase price paid at closing, and the interest rate on the remaining funds. Third-Party Defendants deny that Ms. Ghadban had any agreement with GWA under which she would obtain an overvalued price for her land in return for convincing Sellers to agree to a deal.

22. Third-Party Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations to Sellers' alleged reliance, and Third-Party Defendants deny the characterization of the alleged representations.

23. These allegations are denied as stated, ████████████████████████████████
████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████

24. These allegations are denied, ████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████

25. These allegations are denied as stated, but Third-Party Defendants admit that following a telephone call with certain members of the Board of Supervisors, a call on which Mr. Brower participated, Ms. Ghadban suggested setting up a charitable foundation to provide various charitable benefits to Prince William County by the owners of the assembled properties, which Foundation was created on or about April 18, 2022.

26. These allegations are denied, except Third-Party Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations to what Mr. Brower claims to have been told by Prince William County officials. Third-Party Defendants deny that the concept of the charitable foundation involved a dishonest gift of money.

27. These allegations are denied as stated, but that Third-Party Defendants admit that Mr. Brower signed the Listing and Marketing Agreement on August 19, 2020, and subsequently, on July 6, 2021 signed an Addendum to the Listing and Marketing Agreement, which extended the Agreement until August 19, 2022. █████████████████████████████████████████████████████████████████████████████████████████████████████████████

28. Third-Party Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph as to what Sellers believed, but Third-Party Defendants admit that they engaged in efforts to obtain a deal for the best price for the land in the assemblage. Third-Party Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the final sentence of this paragraph as to what other parties purportedly may have done to conduct their own research, ███████████████████████████████████████████████████████████████ ████

29. Third-Party Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations as to what was allegedly reported by others to Mr. Brower, but Ms. Ghadban denies that she had been told that the value of her property was less than the value of the properties that are part of Phase 2 of the assemblage.

30. These allegations are denied as stated, ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

31. These allegations are denied.

32. These allegations are denied, █████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

33. Third-Party Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

34. These allegations are denied, except that Third-Party Defendants admit that GWA's CPA application called for a 0.18 FAR for the Phase 1 properties, and a 0.26 FAR for the Phase 2 properties.

35. These allegations are denied.

36. These allegations are denied, and by way of further answer, Third-Party Defendants state that Mr. Brower was aware, for example, of one of the referenced offers at least as early as May 13, 2021 as a result of an email he received from Ms. Ghadban. Third-Party Defendants admit that in the August-September 2021 timeframe. Mr. Brower asked about the offer that had been addressed in the May 13, 2021 email, and, as a result, Ms. Ghadban arranged a meeting that

Mr. Brower attended on September 10, 2021 with the proposed offeror to discuss that offer and Mr. Brower agreed thereafter to proceed with the GWA offer.

37. These allegations are denied, and by way of further answer, Third-Party Defendants refer to their response to paragraph 36 above.

38. These allegations are denied, and by way of further answer, Third-Party Defendants refer to their response to paragraph 36 above.

39. These allegations are denied.

40. These allegations are denied.

41. These allegations are denied.

42. These allegations are denied.

43. These allegations are denied.

44. Third-Party Defendants incorporate their responses to the allegations in paragraphs 1 - 43.

45. These allegations are denied.

46. These allegations are denied.

47. These allegations are denied.

48. These allegations are denied.

49. These allegations are denied.

50. These allegations are denied.

51. These allegations are denied.

52. These allegations are denied.

53. Third-Party Defendants incorporate their responses to the allegations in paragraphs 1 – 52.

54. These allegations are denied.

55. These allegations are denied.

56. These allegations are denied.

57. These allegations are denied.

58. These allegations are denied.

59. These allegations are denied.

60. These allegations are denied.

61. These allegations are denied.

62. These allegations are denied.

63. These allegations are denied.

64. Third-Party Defendants incorporate their responses to the allegations in paragraph 1 - 63.

65. No response to this paragraph is required because it purports to state a legal conclusion.

66. No response to this paragraph is required because it purports to state a legal conclusion.

67. No response to this paragraph is required because it purports to state a legal conclusion.

68. These allegations are denied.

69. These allegations are denied.

70. These allegations are denied.

71-74. No response to these paragraphs is required because they are the subject of Third-Party Defendants' Motion to Dismiss, which is being filed concurrently with this Answer.

75. Third-Party Defendants incorporate their responses to the allegations in paragraphs 1 - 74.

76. These allegations are admitted.

77. These allegations are denied.

78. These allegations are denied.

79. These allegations are denied.

80. These allegations are denied.

81 – 93. No response to these allegations is required because they do not purport to state a claim against the Third-Party Defendants.

94. Third-Party Defendants incorporate their responses to the allegations in paragraphs 1 - 93.

95. Third-Party Defendants admit that Sellers signed the Pageland Purchase Agreement and Brower Purchase Agreement, both of which speak for themselves, and Third-Party Defendants deny any allegations inconsistent with their terms.

96. Third-Party Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations about a purported communication from the Board of Supervisors, but Third-Party Defendants deny that the proposed philanthropic foundation was in any way a violation of a criminal statute or the commission of a tort.

97. These allegations are denied.

98. These allegations are denied.

99. No response to this paragraph is required because it purports to state a legal conclusion.

100. Third-Party Defendants deny that Sellers are entitled to the relief requested.

101. Third-Party Defendants deny that Sellers are entitled to the relief requested.

## **ADDITIONAL DEFENSES**

1. Third-Party Plaintiffs' claims are barred by waiver and/or estoppel, and Third-Party Defendants intend to rely on such additional and/or affirmative defenses as may become known through discovery.

2. Third-Party Defendants are entitled to recover their costs and reasonable attorneys' fees incurred in defending this action pursuant to the Listing Agreement.

WHEREFORE, having fully answered Third-Party Plaintiffs Third-Party Complaint, Third-Party Defendants Mary Ann Ghadban and MagLandBroker, LLC request that the Third-Party Complaint be dismissed with prejudice, that they be awarded their costs and reasonable attorneys' fees, and such other and further relief as this Court deems appropriate.

Respectfully submitted,

/s/ *F. Douglas Ross*
F. Douglas Ross, VSB No. 23070
Odin, Feldman & Pittleman, P.C.
1775 Wiehle Avenue, Suite 400
Reston, VA  20190
Tel: (703) 218-2127
Fax: (703) 218-2160
Douglas.ross@ofplaw.com
*Counsel for Third-Party Defendants Mary Ann Ghadban and MaglandBroker, LLC*

## **CERTIFICATE OF SERVICE**

      I hereby confirm that on June 8, 2022 the foregoing was electronically filed with the Clerk's Office served using this Court's CM/ECF system, which will then serve a notice of electronic filing (NEF) to all counsel of record.

                                             */s/ F. Douglas Ross*
                                             F. Douglas Ross, VSB No. 23070
                                             ODIN, FELDMAN & PITTLEMAN, P.C.
                                             1775 Wiehle Avenue, Suite 400
                                             Reston, VA  20190
                                             Tel: (703) 218-2127
                                             Fax: (703) 218-2160
                                             Douglas.ross@ofplaw.com

#5319939v1 091267/000001