# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

GW Acquisition Co., LLC,

        Plaintiff/Counterclaim
        Defendant

v.

Pageland Limited Liability Company, et al.

        Defendants/Counterclaim
        Plaintiffs/Third-Party Claim
        Plaintiffs,

v.

MAGLANDBROKER LLC, et al.

        Third-Party Defendants.

Civil Action No. 1:22-cv-255 (LMB/JFA)

**PLAINTIFF/COUNTERCLAIM DEFENDANT GW ACQUISITION CO. LLC'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT**

## MEMORANDUM OF LAW
## IN SUPPORT OF PLAINTIFF/COUNTERCLAIM DEFENDANT'S
## MOTION TO DISMISS OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT

Plaintiff/Counterclaim Defendant GW Acquisition Co., LLC, ("GWA"), by and through undersigned counsel, hereby submits its memorandum of law in support of its motion to dismiss or, alternatively, for summary judgment, in response to the counterclaims filed against it by Defendants/Counterclaim Plaintiffs/Third-Party Plaintiffs Pageland Limited Liability Company ("Pageland"), Barbara Brower ("B. Brower") and Jon Sanders Brower ("J. Brower") (hereinafter collectively referred to as "Sellers") in their Answer, Counterclaim and Third-Party Complaint ("Counterclaim") and states as follows:

1

## PRELIMINARY STATEMENT

The Sellers have woven a tale out of whole cloth in a last-ditch effort to avoid the clear and unambiguous terms the Sellers agreed to in the Pageland Purchase Agreement and the Brower Purchase Agreement (collectively "Purchase Agreements"). To do so, Sellers are forced to ignore reality and create an alternate universe where logic does not apply. The foundation of the alleged scheme concocted by the Sellers rests solely on the proposition that GWA agreed to buy Third-Party Defendant Mary Ann Ghadban's (collectively with Third-party Defendant MAGLANDBROKER, LLC, "Broker")

The Purchase Agreements relate to a multi-phase development known as the Digital Gateway Development. After acquiring the necessary land and assuming all necessary zoning changes and permits are issued by the several relevant authorities, GWA intends to

After extensive negotiations with Broker and the many property owners, including Sellers, GWA agreed to

2

█████████████████████, Sellers now attempt to renege on the Purchase Agreements by alleging a vague conspiracy to trick them into selling their land ████████████ ████████████████████████ As is plainly evident on the face of the Counterclaim and supporting documents, these claims against GWA are not only implausible, but also founded entirely on misrepresentations and falsehoods.

The lynchpin of Sellers' claims against GWA is the unfounded inference t███████████  Sellers failed to disclose to this Court, however, that the timeline of events cannot support Sellers' inference. █████████████████████████████████████

---

[1] The Comprehensive Plan Amendment on file with Prince William County was signed and submitted by the many landowners, including the Sellers, prior to the Sellers' entry into the Purchase Agreements.

[2] █████████████████████████████████████

CORE/0831064.0123/174573306.9



Sellers' counterclaims of conspiracy and fraud are not plausible.

at the time Sellers entered into the Purchase Agreements.

Moreover, Sellers' suggestion

is not

only nonsensical, but even if true, is a wholly inadequate basis for a fraud claim.

Ultimately,

Given the massive scope of the proposed Digital Gateway Development, competitors,

speculators, and predatory opportunists have descended on the area and driven up the value of



4

surrounding land based on the assumption GWA will successfully develop the Digital Gateway Development. Thus, Sellers' motivation for asserting dubious and legally insufficient claims is obvious: Sellers seek legal cover to hold up the development and extort from GWA a bigger payday than they bargained for ███████████████████████████████

███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████

ordered compliance. Now, they assert vague, frivolous, and implausible counterclaims for fraud, conspiracy to commit fraud, and tortious interference that have no basis in fact or the law. Sellers' remorse for voluntarily and knowingly entering into the Purchase Agreements is not evidence of fraud. Recognizing that baseless accusations and misstatements of facts may not be enough, Sellers further attempt to manufacture sympathy by casting themselves as inexperienced and unsophisticated—failing to disclose they were represented by experienced counsel throughout the process.

Notwithstanding the Sellers' tactics, the allegations directed at GWA in the Counterclaim fail to state any plausible claims against GWA that entitle Sellers to relief **and** fail to comply with the heightened pleading standards for fraud. Accordingly, for the reasons set forth more fully below, GWA respectfully requests that this Court dismiss Sellers' Counterclaim, or alternatively, grant summary judgment in GWA's favor.

## STATEMENT OF UNCONTROVERTED MATERIAL FACTS

███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████

5



2.      In May 2021, the property owners of the Phase 1 and Phase 2 land filed a Comprehensive Plan Amendment with the Prince William County Planning Office (the "Property Owners' Amendment"). The Property Owners Amendment sought to allow the site to be used exclusively for data centers and estimated all of the property located in both Phase 1 and 2 to be .30 FAR. (SOF ¶ 2).

6

principally related to significantly greater development and holding costs for Phase 2. (SOF ¶ 8).

9.    There was no agreement between GWA and Ms. Ghadban



## LEGAL STANDARDS

Where a motion pursuant to Rule 12(b)(6) contends that a plaintiff's pleadings are insufficient to show entitlement to relief, a court must resolve the motion by reference to the allegations in the complaint. *See Francis v. Giacomelli*, 588 F.3d 186,192 (4th Cir. 2009). The question then before the court is whether the complaint contains "a short and plain statement of the claim showing that the pleader is entitled to relief" in both "law and fact." *Id.* at 192–93. The pleadings need not be supported by evidence but must "state a claim to relief that is plausible on its face." *Id.* at 193 (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). A plausible claim is one that contains more than just "unadorned, the-defendant-unlawfully-harmed-me-accusation[s]." *Iqbal*, 129 S. Ct. at 1949. In resolving a 12(b)(6) motion, a court must regard as true all of a plaintiff's well-pled allegations, *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993), however the court does not have to accept legal conclusions couched as factual allegations, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007), or "unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

In addition to the general pleading standard set forth in Rule 8(a), Rule 9 of the Federal Rules of Civil Procedure establishes pleading requirements for "special matters." Fed. R. Civ. P. 9. Subsection (b) of Rule 9 addresses the pleading requirements for "fraud or mistake," and provides that:

> (b) Fraud or Mistake; Conditions of Mind. In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

Fed. R. Civ. P. 9(b); *Spaulding v. Wells Fargo Bank, N.A.*, 714 F.3d 769, 782 (4th Cir. 2013) (affirming dismissal of claim for failure to state fraud claim with required particularity of the

8

heightened pleading standards of Rule 9(b)); *Weill v. Dominion Resources, Inc.*, 875 F. Supp. 331, 338 (E.D. Va. 1994) (finding plaintiffs' allegations failed to meet particularity requirements applicable to fraud claims).

In ruling on a 12(b)(6) motion, a district court "may consider documents attached to the complaint or the motion to dismiss 'so long as they are integral to the complaint and authentic.'" *Kensington Volunteer Fire Dept., Inc. v. Montgomery County, Md.*, 684 F.3d 462, 467 (4th Cir. 2012) (quoting *Philips v. Pitt Cnty. Memorial Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)). Should the Court consider documents outside of this scope, however, it is appropriate to treat the motion as one for summary judgment. "Generally, if the district court is presented with materials outside the pleadings and does not exclude them, 'the motion shall be treated as one for summary judgment ... and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56.'" *Grady v. North Carolina Dept. of Transp.*, 71 Fed. Appx. 978, 979, 2003 WL 21961991, at *1 (4th Cir. 2003) (quoting *Gay v. Wall,* 761 F.2d 175, 177-78 (4th Cir. 1985)).

The standard governing motions pursuant to Rule 56 is well established; summary judgment is proper when there is no genuine issue as to any material fact in the case such that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). Once the moving party properly files and supports its motion for summary judgment, the opposing party must show that a genuine issue of fact exists. *See Matsushita Elec. Indus. Co v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). A fact is material if the existence or non-existence thereof could lead a jury to different resolutions of the case. *See Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986). A genuine issue of material fact only exists when the opposing party has presented sufficient evidence upon which a reasonable jury could return a verdict in its favor. *Id.*

CORE/0831064.0123/174573306.9

## ARGUMENT

## I.    SELLERS' CAUSES OF ACTION AGAINST GWA PREMISED ON FRAUD FAIL TO MEET RULE 9(B)'S HEIGHTENED PLEADING STANDARD

In this case, Count II (Fraud) and Count IV (Conspiracy to Commit Fraud and Breach Fiduciary Duties) in the Counterclaim are subject to the Rule 9(b) standard because Sellers explicitly accuse GWA of fraudulent conduct, ███████████████████████████████████ ███████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████ *See Garda Supplies, Rental & Servs., Ltd. v. City Walk One, LLC,* No. 2:17CV583, 2018 WL 10501509, at *2 (E.D. Va. Apr. 2, 2018); *see also Sanders v. UDR, Inc.*, No. 3:10-CV-459, 2010 WL 3927804, at *7 (E.D. Va. Oct. 4, 2010) (dismissing fraud claim for lack of particularity where elements of claim were presented with conclusory statements rather than factual allegations or detail).

To satisfy Rule 9(b), a plaintiff must plead "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999). This information is often referred to as the who, what, when, where, and how of the alleged fraud. *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008). Fraud allegations based merely on "bare contentions" or "bald assertions" with no specifics of the "substance of the misrepresentations" fail to satisfy Rule 9(b). *Baker v. Elam*, 883 F. Supp. 2d 576, 580 (E.D. Va. 2012). Additionally, reliance also must be pleaded with

10

specificity. *See Xia Bi v. McAuliffe*, 927 F.3d 177, 185 (4th Cir. 2019) ("There is no ... basis to give plaintiffs extra wiggle room in pleading the reliance elements of their state and federal fraud claims.").

With regard to the Sellers' fraud claim against GWA (Count II), the allegations concerning GWA's fraudulent conduct fall far short of the particularity requirements of Rule 9(b).  Similarly, because Sellers' conspiracy claim against GWA (Count IV) is premised on fraud, a court must look to the allegations of the underlying wrong – which in this case is fraud. *Doe v. Bruton Par. Church*, 42 Va. Cir. 467, 1997 WL 33575565, at *11-12 (Va. Cir. Ct. 1997) (citing *Gallop v. Sharp,* 179 Va. 335, 338, 19 S.E.2d 84, 86 (1942). Sellers fail to allege a single particularized or articulable fact that GWA made any statement to Sellers, much less a false statement, with an intent to mislead. *See Brunckhorst Co., LLC v. Coastal Atl., Inc.*, 542 F. Supp. 2d 452, 460 (E.D. Va. 2008). To the extent Sellers premise either Count II or Count IV on a misrepresentation by omission, Rule 9(b) requires Sellers to "plead the types of facts omitted, [and] the place in which the omission should have appeared." *Morris v. Wachovia Securities, Inc.,* 277 F. Supp. 2d 622, 645 (E.D. Va. 2003). Rather than articulating particularized facts and allegations sufficient to comply with the heightened requirements of Rule 9(b) in support of either Count II or Count IV, Sellers have simply recited elements of their claim in the most naked and conclusory terms imaginable and avoided alleging facts sufficient to provide GWA with fair notice of the claim such that it can adequately defend itself.

Accordingly, Sellers' fraud-based claims (Counts II and IV) should be dismissed for failure to meet the Rule 9(b) heightened pleading standard. As discussed in more detail below, granting Sellers' leave to amend would be futile as they have no basis in fact sufficient to allege the requisite particularity, and Sellers' have even failed to allege facts sufficient to state claims

11

against GWA upon which relief can be granted under Rule 12(b)(6).

## II. SELLERS' COUNTERCLAIMS DIRECTED TO GWA FAIL TO STATE CLAIMS UNDER RULE 12(b)(6)

Each of Sellers' counterclaims against GWA should be dismissed because they fail to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, Plaintiffs must plead "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. at 678 (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also* Fed. R. Civ. P. 8; *Twombly*, 550 U.S. at 555 (Under Rule 8, a plaintiff's "obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level.") (citations omitted). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

Sellers' fraud claim against GWA fails because the Counterclaim does not identify any false statements GWA made or material facts GWA was aware of and had a duty to disclose to Sellers but failed to so. Similarly, Sellers' conspiracy claim is based on fraud and fails for the same reasons the independent fraud claim fails. Finally, Sellers' tortious interference with contract claim fails because they do not allege facts establishing GWA had knowledge of the specific terms of the Listing Agreement and intentionally caused a breach of the same.

## A. Sellers' fraud claim fails because they do not identify any misrepresentations GWA made or GWA's failure to disclose a material fact it had a duty to disclose.

Under Virginia law, a claim for fraud must allege: "(1) a false misrepresentation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by

12

the party misled, and (6) resulting damage to the party misled." *Brunckhorst Co., LLC v. Coastal Atl., Inc.*, 542 F. Supp. 2d 452, 460 (E.D. Va. 2008) (quoting *Winn v. Aleda Constr. Co.,* 315 S.E.2d 193, 195 (1984)). The Sellers' fraud claim does not allege that GWA made any false statement Sellers relied on when entering into the Purchase Agreements. Recognizing the lack of a cognizable fraud claim against GWA, Sellers make a half-hearted attempt to muddy the waters by alleging that "GWA and Broker made or ratified the misrepresentations and material omissions detailed above." Sellers, however, never actually identify a misrepresentation or omission made by GWA. There are none in the Counterclaim.

Fraud by GWA through misrepresentation or omission requires Sellers to establish that (a) GWA failed to disclose a material fact (b) when GWA had a duty to disclose the fact, and (c) GWA did so intentionally and knowingly with the intent to mislead. *Arnlund v. Deloitte & Touche LLP*, 199 F. Supp. 2d 461, 466 (E.D. Va. 2002). Fraudulent concealment requires "either an allegation or evidence of a knowing and a deliberate decision not to disclose a material fact." *Bank of Montreal v. Signet Bank*, 193 F.3d 818, 833 (4th Cir. 1999). Sellers' Counterclaim fails to include any allegations GWA had a duty to disclose a material fact and failed to do so, much less that GWA made a deliberate and knowing decision not to disclose a material fact.

The only allegation contained in the fraud claim against GWA states:



(Counterclaim ¶ 61). This allegation is insufficient in both law and fact to establish the Sellers are entitled to relief from GWA on the basis of fraud. *See Francis v. Giacomelli*, 588 F.3d 186,192 (4th Cir. 2009).

13

First, Sellers' contention that GWA agreed to 

The only evidence of FAR values that existed at the time Sellers executed their Purchase

Agreements was a Comprehensive Plan Amendment filed by all property owners (including

Sellers) with the Prince William County Planning Office that estimated all property in both

Phase 1 and Phase 2 would have a .30 FAR. (SOF ¶ 2).

14



The fair market value of real property in Virginia is the price a willing buyer will pay a willing seller. *See Helmick Fam. Farm, LLC v. Comm'r of Highways*, 832 S.E.2d 1, 5 (Va. 2019); *see also Wilburn v. Mangano*, 851 S.E.2d 474, 477 (Va. 2020) (According to Black's Law Dictionary, "[t]he usual meaning of 'fair market value' of real property is '[t]he price that a seller is willing to accept and a buyer is willing to pay on the open market and in an arm's-length

15



**B.**     **Sellers' conspiracy claim against GWA based on an underlying fraud claim fails for the same reasons Sellers' independent fraud claim fails.**

A claim for civil conspiracy under Virginia law requires establishing that two or more persons combined to accomplish an unlawful purpose by some concerted action – the foundation of which is the damage caused by the acts committed in furtherance of the conspiracy. *Gelber v. Glock*, 800 S.E.2d 800, 820 (Va. 2017). "No cause of action exists without the resulting injury, and the damage produced must arise as the effective result of the conspiracy." *Id.* (internal citations omitted). To determine whether or not a pleading states a cause of action for civil conspiracy, a court must look to the allegations of the underlying wrong because the basis of a conspiracy claim is the underlying wrong. *Doe v. Bruton Par. Church*, 42 Va. Cir. 467, 1997 WL 33575565, at \*11-12 (Va. Cir. Ct. 1997) (citing *Gallop v. Sharp,* 179 Va. 335, 338, 19 S.E.2d 84, 86 (1942).

CORE/0831064.0123/174573306.9

If the underlying wrong of the alleged conspiracy is fraud, the court analyzes the sufficiency of the pleadings under the well-established elements of fraud. *Id.* In the instant case, Sellers base Count IV of their Counterclaim against GWA on an alleged "conspiracy to commit to commit fraud with Broker."[4] Therefore, for the same reasons discussed above in Section II.A, Sellers' conspiracy claims premised on fraud are insufficient to state a claim upon which relief can be granted. Again, Sellers' conspiracy claim does not allege GWA made any false statement Sellers relied on or that GWA intentionally and knowingly failed to disclose a material fact when it had a duty to do so. *See Arnlund v. Deloitte & Touche LLP*, 199 F. Supp. 2d 461, 466 (E.D. Va. 2002).

Similar to Sellers' fraud claim discussed above, the premise of Sellers' conspiracy claim is t



---

[4] Despite the title of Sellers' Count IV, "Conspiracy to Commit Fraud and Breach of Fiduciary Duties", there are no allegations focused on a breach of fiduciary duty serving as the basis for Sellers' conspiracy claim against GWA. Accordingly, GWA will focus its analysis on the allegations contained in Count IV and the claim of underlying fraud.



The price a willing buyer will pay a willing seller is evidence of the fair market value of real property in Virginia. *See Helmick Fam. Farm, LLC v. Comm'r of Highways*, 832 S.E.2d 1, 5 (Va. 2019).

. Accordingly, GWA respectfully requests Sellers' Count IV directed at GWA be dismissed pursuant to Rule 12(b)(6) for failing to state a claim upon which relief can be granted.

**C.    Sellers' tortious interference claim against GWA fails because it does not allege facts establishing GWA had knowledge of specific terms of the Listing Agreement or that GWA intentionally caused a breach.**

To successfully claim that GWA tortiously interfered with Sellers' Listing and Marketing Agreement with MAGLAND BROKER, LLC ("Listing Agreement"), Sellers must prove the existence of a valid contract,[5] GWA's knowledge of the terms of the Listing Agreement and intentional interference inducing or causing a breach and resulting damage to Sellers. *See Masco Contractor Servs. E., Inc. v. Beals*, 279 F. Supp. 2d 699, 709 (E.D. Va. 2003).

---

[5] For purposes of this Memorandum only, GWA will assume that the unexecuted Listing Agreement attached as Exhibit 3 to Sellers' Counterclaim and its terms contained therein was executed by the necessary signatories and enforceable against the parties to the Listing Agreement.

18

GWA was never provided a copy of Broker's Listing and Marketing Agreement with any landowners in the Digital Gateway Development, including Sellers. (SOF ¶ 3). Sellers incorrectly allege GWA had knowledge of the specific terms of the Listing Agreement and Broker's fiduciary duties stemming from the same.



This purported provision is not referenced in either of the Sellers' Purchase Agreements. In light of a lack of any allegation or evidence GWA had knowledge of this purported provision, Sellers have failed to state a cognizable claim on their tortious interference claim.

Additionally, Sellers' tortious interference claim is premised on an interpretation of the Listing Agreement that is not supported by the language used therein.

19

As the Sellers' Purchase Agreements made clear



Accordingly, GWA respectfully requests Sellers' Count VI directed at GWA be

dismissed pursuant to Rule 12(b)(6) for failing to state a claim upon which relief can be granted.

**D.     Sellers' unjust enrichment and declaratory judgment claims fails for the same reasons Sellers' independent fraud and conspiracy to commit fraud claims fail.**

Sellers' unjust enrichment and declaratory judgment claims directed to GWA are not

independent claims that stand on their own with new allegations of wrongdoing, but rather rely

exclusively on the same allegations that serve as the basis of Sellers' fraud-based claims against

GWA. Specifically, the only allegations contained in Count VII (Unjust Enrichment) and Count

VIII (Declaratory Judgment) that are directed to GWA relate to Sellers' conclusory allegations

that GWA participated in a "fraudulent scheme with Broker" and "GWA and Broker engaged in

fraud and a conspiracy to commit fraud."

20

As discussed in Sections II.A and II.B in detail, the allegations comprising Sellers' fraud claim (Count II) and conspiracy to commit fraud claim (Count IV) not only fall far short of satisfying Rule 9(b)'s particularity requirement, but also fail to state claims upon which relief can be granted under Rule 12(b)(6). Sellers cannot avoid the strict requirements for pleading a claim premised on fraud by attempting to dress up an inadequately plead fraud claim as claims for unjust enrichment and declaratory judgment.

To state a claim for unjust enrichment in Virginia, a plaintiff must allege GWA accepted a benefit under circumstances that render it inequitable for GWA to retain the benefit without paying for its value. *Tao of Sys. Integration, Inc. v. Analytical Servs. & Materials, Inc.*, 299 F. Supp. 2d 565, 576 (E.D. Va. 2004) (citing *Nossen v. Hoy*, 750 F. Supp. 740, 744–45 (E.D. Va. 1990)). In the instant case, the alleged inequity supporting Sellers' unjust enrichment claim against GWA is a "fraudulent scheme with Broker" without any additional allegations that adequately plead an independent fraud claim. Accordingly, Sellers have failed to adequately plead an unjust enrichment claim based on fraud. *See, e.g., Vardell v. Schar*, 1989 WL 1143888, at *1 (Va. Cir. Ct. Dec. 22, 1989) (holding that plaintiff's failure to allege facts supporting its breach of contract claim also supported denial of its unjust enrichment claim based on the same alleged conduct).

As Virginia courts have long held, the fair market value of real property in Virginia is the price a willing buyer will pay a willing seller. *See, e.g., Helmick Fam. Farm, LLC v. Comm'r of Highways*, 832 S.E.2d 1, 5 (Va. 2019). Moreover, voiding a contract is not an appropriate remedy for unjust enrichment – and the request for the same is further evidence Sellers' claim is

21

just an attempt to dress up an inadequately plead fraud claim. *See Norfolk S. Ry. Co. v. Drummond Coal Sales, Inc.*, No. 7:08CV00340, 2016 WL 4532411, at *7 (W.D. Va. Aug. 29, 2016) (holding plaintiff could not argue its contract be declared void due to defendant's alleged unjust enrichment).

With regard to Sellers' claim for declaratory relief, the premise of Sellers' request for such relief is based on the insufficiently plead alleged "fraud and a conspiracy to commit fraud" between GWA and Broker. For the same reasons discussed at length above, attempting to repackage an inadequately plead fraud claim as one for declaratory judgment does not satisfy the requirements of either Rule 9(b) or Rule 12(b)(6). To the extent Seller premises its declaratory judgment claim on the inclusion of



Accordingly, GWA respectfully requests the Court dismiss Count VII and VIII of the Counterclaim for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) and failure to meet Rule 9(b)'s heightened pleading standard.

## III. THE UNDISPUTED MATERIAL FACTS ESTABLISH THAT ANY ATTEMPT TO AMEND WOULD BE FUTILE AND DISMISSAL WITH PREJUDICE IS WARRANTED, OR ALTERNATIVELY, GRANTING SUMMARY JUDGMENT

"[D]ismissal with prejudice is appropriate 'where it is obvious that the plaintiff cannot prevail on the facts he has alleged and [that] it would be futile to give him an opportunity to

22

amend.'" *See Grant v. U.S. Dep't of Def.*, No. 118CV01149LMBIDD, 2018 WL 9814671, at *1

(E.D. Va. Sept. 12, 2018) (citing *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007)).

Futility arises where an amendment could not withstand a motion to dismiss. *See Herold v.*

*Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:17-CV-00395-JAG, 2018 WL 1950641, at *2

(E.D. Va. Apr. 25, 2018) (analyzing the futility of a proposed amendment to a complaint). Any

amendment of a complaint would be futile if, under no set of facts, regardless of how artfully

pled, a plaintiff would be unable to state a claim a claim sufficient to show entitlement to relief

pursuant to Rule 12(b)(6). *See Williams v. Texaco Ref. & Mktg. Inc.,* 1995 WL 253124, at *2

(4th Cir. 1995) (denying a motion to amend based on fact misrepresentation on which complaint

was based was not a misrepresentation of a material fact).

     In the instant case, the undisputed material facts clearly establish that no amount of

repleading or artful drafting will result in a plausible claim against GWA.

     For these reasons, there are no set of facts that Sellers could plead that would be

sufficient to state any claims against GWA and thus it would be futile to give Sellers an

23

opportunity to amend. *Williams v. Texaco Ref. & Mktg. Inc.,* 1995 WL 253124, at *2 (4th Cir.

1995). Accordingly, GWA respectfully requests the Court dismiss Counts II, IV, VII and VII as

directed to GWA with prejudice. Alternatively, GWA respectfully requests the entry of summary

judgment as to the claims directed to GWA as there are no genuine issue of material facts such

that GWA is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c).

## CONCLUSION

As demonstrated above, Sellers' claims against GWA for Fraud (Counterclaim Count II),

Conspiracy to Commit Fraud (Counterclaim Count IV), Tortious Interference with Contract

(Counterclaim Count VI), Unjust Enrichment (Counterclaim Count VII) and Declaratory

Judgment (Counterclaim Count VIII) must be dismissed with prejudice, or in the alternative,

GWA is entitled to summary judgment on all of Sellers' claims directed to GWA.

**Dated: May 27, 2022**

**Respectfully submitted by**

**STINSON LLP**

 /s/ Michael Tucci

Michael Tucci (Virginia Bar No.: 32523)
1775 Pennsylvania Ave., NW, Suite 800
Washington, D.C. 20006
Tel.: (202) 785-9100
Fax: (202) 572-9950
Email: michael.tucci@stinson.com

Bradley J. Yeretsky (Mo. Bar No.: 53845)*
1201 Walnut Street, Suite 2900
Kansas City, MO 64106
Tel. (816) 691-2333
Fax: (816) 412-9384
brad.yeretsky@stinson.com
*(*Motion for Admission Pro Hac Vice
forthcoming*)

***Counsel for Plaintiff/Counterclaim
Defendant GW Acquisition Co., LLC***

24

## **Certificate of Service**

I hereby certify that a copy of the foregoing was served on May 27, 2022, electronically via the Court's ECF system to all parties registered to receive such service.

/s/ Michael Tucci_____
Michael Tucci (Virginia Bar No.: 32523)
1775 Pennsylvania Ave., NW, Suite 800
Washington, D.C. 20006
Tel.: (202) 785-9100
Fax: (202) 572-9950
Email: michael.tucci@stinson.com

CORE/0831064.0123/174573306.9