# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINA

GW Acquisition Co., LLC,

          Plaintiff,

v.

Pageland Limited Liability
Company,
5305 Pageland Lane
Catharpin, Virginia 20143,

        Defendant,

Barbara  Brower,
c/o Jon Sanders Brower
P.O. Box #2
Catharpin, Virginia 20154-0002

        Defendant,

Jon Sanders Brower,
15028 Rolling Ridge Rd.
Haymarket, Virginia 20169


          Defendant.

Civil Action No. _____

**PLAINTIFF'S VERIFIED COMPLAINT AND
JURY DEMAND**

---

Plaintiff GW Acquisition Co., LLC, ("GWA") for its Verified Complaint against

Pageland Limited Liability Company ("Pageland") and Barbara Brower ("B. Brower")

(collectively the "Sellers") alleges as follows:

## PRELIMINARY STATEMENT

This case involves the Sellers' breach of, and failure to honor, the terms of Purchase and

Sale Agreements (the "Purchase Agreements") entered into between GWA and the Sellers.  The

Sellers agreed to sell, and GWA agreed to purchase, certain real estate located in Prince William

County, Virginia.  Upon information and belief, the Sellers are refusing to honor the binding

terms of the Purchase Agreements because they believe they can obtain higher sales price for the property at issue from third parties in the market.

The Sellers voluntarily entered into the Purchase Agreements and are bound by their terms. Specifically, the Purchase Agreements require the Sellers to "actively and fully support and cooperate with [GWA], . . . in pursuing and obtaining the approval of the Data Center Rezoning, including promptly signing such documents as may be required in connection with obtaining such approval." *See* Purchase and Sale Agreement, having an Effective Date of October 28, 2021 with Pageland ("Pageland Purchase Agreement"), attached as Exhibit A; *see also* Purchase and Sale Agreement, having an Effective Date of October 28, 2021 with Barbara Brower ("Brower Purchase Agreement"), attached as Exhibit B. In accordance with the Purchase Agreements, the Sellers have been requested on multiple occasions to sign Rezoning Forms that are necessary for GWA to obtain Data Center Rezoning and Sellers have improperly and intentionally refused.  The Purchase Agreements do not give the Sellers the option of refusing to sign the Rezoning Forms. GWA simply seeks to enforce the terms of the Purchase Agreements and the intent of both the Sellers and GWA memorialized in the Purchase Agreements.

## THE PARTIES

1.     Plaintiff GW Acquisition Co., LLC ("GWA") is a Delaware limited liability company with its principal office at 12851 Foster Street, Overland Park, Kansas 66213.

2.     Defendant Pageland Limited Liability Company is a Virginia limited liability company with its principal office at 5305 Pageland Lane, Catharpin, Virginia 20143, with Barbara Brower as registered agent having an address at 5305 Pageland Lane, Catharpin, Virginia 20143 ("Pageland").

3.     Defendant Barbara Brower is a Virginia resident whose address is identified as c/o Jon Sanders Brower, P.O. Box #2, Catharpin, Virginia 20154-0002 in the Brower Purchase Agreement referred to below.

4.     Upon information and belief, Defendant Jon Sanders Brower is a Virginia Resident whose address is identified as 15028 Rolling Ridge Rd., Haymarket, Virginia 20169.

5.     The Brower Purchase Agreement was executed by Jon Sanders Brower (on information and belief, the son of Barbara Brower) as the attorney-in-fact of Barbara Brower under the Durable General Power of Attorney dated August 27, 2018 (*see* Durable General Power of Attorney attached as Exhibit C; *see also* Medical Confirmation Letter dated 11/03/2021 regarding Barbara Brower attached as Exhibit D.

## JURISDICTION AND VENUE

6.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.

7.     Venue is proper in this Court because a substantial part of the events or omissions giving rise to this action occurred in the Eastern District of Virginia. Furthermore, Defendant Brower resides within Prince William County, Virginia.  Defendant Pageland's principal office is within Prince William County, Virginia.  The real property Barbara Brower and Pageland contracted to sell to GWA is located within the Eastern District of Virginia.

## GENERAL ALLEGATIONS

8.     NAC II, LLC, an entity related to  GWA, and Sellers (as well as other landowner/sellers a party thereto) entered into a Letter of Intent dated August 21, 2021, and began to negotiate with Sellers regarding the potential purchase of certain parcels of property

DocuSign Envelope ID: EC972950-8115-41EA-A559-BF2CCD924129

located in Prince William County, in the Commonwealth of Virginia, and having Prince William

County GPIN Numbers ██████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████ ) (hereinafter

"Pageland Property"), ████████████████████████████████████████████ (having an

████████████████████████████████████████████ (hereinafter "Brower Property"), all together

comprising approximately ████████ acres (hereinafter the "Sellers' Property"). Exhibits A & B.

9.      GWA entered into the Purchase and Sale Agreement, having an Effective Date of

October 28, 2021 with Pageland for the purchase of the Pageland Property.  Exhibit A.

10.     GWA entered into the Purchase and Sale Agreement, having an Effective Date of

October 28, 2021 with Barbara Brower (the "Brower Purchase Agreement") for the purchase of

the Brower Property.  Exhibit B.

11.     Both the Pageland Purchase Agreement and the Brower Purchase Agreement

were executed on behalf of the two respective Purchasers by Jon Sanders Brower, upon

information and belief, as the Manager of Pageland on the one hand, and as Barbara Brower's

attorney-in-fact on the other.  *See* Exhibits A & B.

12.     In the Brower Purchase Agreement, Barbara Brower represented that she owned

property in Prince William County bearing the Prince William GPIN Number ██████████████

████████████████████████████████████████ (hereinafter "Brower Property"))

and that pursuant to the terms therein, Barbara Brower was selling the Brower Property to GWA

– a representation GWA relied on. Exhibit B.

13.     GWA concurrently entered into with the execution of both the Pageland Purchase

Agreement and the Brower Purchase Agreement, a "Project Site Purchase Agreement" and

collectively, the "Project Site Purchase Agreements") with each owner of a Project Parcel in the

Project Site (each, (including Seller), a "Project Site Seller", and collectively, the "Project Site

Sellers"), with the understanding and acknowledgement by each such owner, including both

Pageland and Barbara Brower, that closing under each Project Site Purchase Agreement, will

occur concurrently, subject to the terms and provisions of the Project Site Purchase Agreements

to assure conveyance to the Purchase of all Project Parcels comprising the Project Site.  *See*

Exhibits A & B.

14.     Section 7.2 of both the Brower Purchase Agreement and the Pageland Purchase

Agreement provided as follows:

> **7.2 <u>Rezoning</u>**. Purchaser's obligation to Close on the purchase of the Property is
> conditioned on the approval of the rezoning of the entire Project Site, including
> the Land, to an appropriate Planned Business District (or, as determined by
> Purchaser, any other zoning district (excluding industrial or light industrial)) that
> permits Purchaser's (including any of its successors, assigns, lessees and
> licensees) intended use of all or any part of the Project Site for data center use and
> up to ▓▓▓▓▓▓▓▓▓ ancillary office uses (the "Permitted Uses"). Such
> rezoning for the Permitted Uses, and such condition, shall not be deemed to be
> satisfied until the applicable appeal period relating to such rezoning has expired,
> such that the rezoning of Project Site, including the Land, for such Permitted Uses
> is final and non-appealable (the "Data Center Rezoning"). Seller hereby agrees,
> and all other Project Site Sellers have agreed, under their respective Project Site
> Purchase Agreements, to actively and fully support and cooperate with Purchaser,
> using commercially reasonable, diligent and good faith efforts, in pursuing and
> obtaining the approval of the Data Center Rezoning, including promptly signing
> such documents as may be required in connection with obtaining such approval.

*See* Section 7.2.1 of Exhibits A & B.

15.     Pursuant to Section 7.2 of both the Brower Purchase Agreement and the Pageland

Purchase Agreement, the Sellers are required "to actively and fully support and cooperate with

[GWA], . . . in pursuing and obtaining the approval of the Data Center Rezoning, **<u>including</u>**

**<u>promptly signing such documents as may be required in connection with obtaining such</u>**

**<u>approval [of the Data Center Rezoning]</u>**." (Emphasis added). *Id.*

16.     In addition, Section 7.3 of both the Brower Purchase Agreement and the Pageland

Purchase Agreement provided as follows:

> **7.3 <u>Cooperation: Purchaser Approval.</u> Purchaser and Seller agree to**
> **<u>cooperate in good faith to obtain, and to diligently pursue, the above</u>**
> **<u>approvals for the Comprehensive Plan Amendment and Data Center</u>**
> **<u>Rezoning</u>**. Any conditions imposed or proposed by the applicable Governmental
> Authority in connection with its approval of the Plan Amendment or the Data
> Center Rezoning (including the imposition of any proffers, as stated above) or
> other requirements relating to the Land, shall be subject to the prior written
> approval of Purchaser. (Emphasis added).

*See* Section 7.3 of Exhibits A & B.

17.     On or about February 19, 2022, Pageland was provided with a completed

Application for Rezoning for execution pursuant to Section 7.2 of the Pageland Purchase

Agreement ("Pageland Rezoning Form"). *See* Pageland Rezoning Form, attached hereto as

Exhibit E.

18.     On or about February 19, 2022, Barbara Brower (c/o Jon Sanders Brower (her

attorney-in-fact)) was provided with a completed Application for Rezoning for execution

pursuant to Section 7.2 of the Brower Purchase Agreement ("Brower Rezoning Form"). *See*

Brower Rezoning Form, attached hereto as Exhibit F.



20.     Multiple attempts were made by multiple individuals on behalf of GWA to obtain

from the Sellers executed copies of both the Pageland Rezoning Form and Brower Rezoning

Form (c/o Jon Sanders Brower, as her attorney-in-in fact) (collectively the "Rezoning Forms")

between February 19, 2022 (the date each were initially delivered to Pageland and Barbara

Brower), and February 28, 2022

████████████████████████████████  Upon information and belief, with direct knowledge of the

requests, the Sellers have continually, improperly and intentionally refused to sign the Rezoning

Forms.

21.     Upon information and belief, during the week of February 21, 2022, Jon Sanders

Brower ("Jon Brower"), the representative of Pageland, contacted other Project Site Sellers and

instructed those other Project Site Sellers to breach the other Project Site Purchase Agreements

specifically by refusing to execute any rezoning documents GWA requested to be signed.

22.     Upon information and belief, including based upon the conduct described above,

Jon Sanders Brower had knowledge of the existence of the other Project Site Purchase

Agreements and the essential nonmonetary terms of the contractual relationship between GWA

and the other Project Site Sellers because the other Project Site Purchase Agreements were

required to contain the same language as the Pageland Purchase Agreement and the Brower

Purchase Agreement, including the obligation of all Project Site Sellers to sign their rezoning

forms and otherwise assist in the Data Center Rezoning application.  *See* Exhibits A & B.

23.     On February 27, 2022, GWA delivered correspondence to Pageland, to the

attention of Jon Sanders Brower, and advised him that refusal and/or failure to execute the

Rezoning Form would be considered a material breach of contract ("February 27 Notice").  Jon

Sanders Brower, as attorney-in-fact for Barbara Brower, had also been delivered the Rezoning

Form to sign for Barbara Brower pursuant to the notice requirements under the Brower Purchase

Agreement. *See* February 27, 2022 Notice, attached hereto as Exhibit G.

24.     Upon information and belief, another individual who has also entered into a

separate Purchase and Sale Agreement with GWA for the sale of property in a transaction related

to those at issue in this litigation, communicated with Jon Sanders Brower, the representative for both Pageland and Barbara Brower, on or about 1:15 P.M. on February 28, 2022, that his failure to sign the Rezoning Form was a default under the Purchase Agreements. Mr. Brower responded to her, "we felt we undersold."

25.    Despite repeated attempts by GWA, Sellers failed to execute the Rezoning Forms on or before February 28, 2022, the date required for GWA to file its application for the Data Center Rezoning pursuant to Section 7.2.1 of both the Brower Purchase Agreement and the Pageland Purchase Agreement. *See* Exhibits A & B.



*See* March 2, 2022 Email from Prince William County Planning Group, attached hereto Exhibit H.

28.    Every day that Pageland and Barbara Brower refuse to honor their binding commitments and continue to breach Section 7.2 of the Sellers' Purchase Agreements, GWA will suffer irreparable harm, including but not limited to: (i) ████████████████████ ██████████; (ii) an inability to obtain the County's approval of the Data Center Zoning for the entire Project Site; (iii) ████████████████████████████████████████ ██████████████████████████████████████████████ (iv) ██████████████████████ ████████████████████████████████████████████████ ████████████████████████████ ██████████████████████████████████████████████ ██████████████████████████████████████████████ ██████████████████████████████████████████████ ██████████████████████████████████████████████

30.    When GWA's representatives contacted legal counsel to Pageland and Barbara Brower on December 22, 2021 about the title to the Brower Property, counsel responded by email on December 22, 2021 in relevant part:

> When I was first hired by Jon Brower, he brought me the LLC documentation for Pageland, LLC and I always assumed he had provided the same information to the broker, but I have the two deeds deeding her property into the LLC.  I also have the tax ID and schedule that shows ownership.

December 22, 2021 Email, attached hereto as Exhibit J.

31.    Up until and including February 25, 2022, ████████████████████ ██████████████ was working with GWA to finalize an amendment to the Pageland

DocuSign Envelope ID: EC972950-8115-41EA-A558-BF3CCD924129

Purchase Agreement to add the Brower Property based on the prior undisclosed transfer of the Brower Property to Pageland.

32. Up until February 25, 2022, 

33. Section 21.4 of both the Pageland Purchase Agreement and Brower Purchase Agreement provide that the prevailing party shall be entitled to recover reasonable attorneys' fees and costs. The provision specifically provides as follows:

> **21.4 Attorneys' Fees**. If any legal action or other legal proceeding relating to this Agreement or the enforcement of any provision of this Agreement is brought against any party hereto, the prevailing party shall be entitled to recover reasonable attorneys' fees, costs and disbursements, court costs and the cost of any expert witnesses retained by that party (in addition to any other relief to which the prevailing party may be entitled). Any such reasonable attorneys' fees and other expenses incurred by any party in enforcing a judgment in its favor shall be recoverable separately from and in addition to any other amounts included in such judgment, and such attorneys' fees obligation is intended to be severable from the other provisions hereof and to survive and not be merged into any such judgment. Notwithstanding the foregoing, in no event shall Purchaser be obligated to pay or reimburse Seller for attorneys' fees or any other costs or expenses of Seller, if Purchaser pursues an action of specific performance against Seller upon a default by Seller under this Agreement, and Purchaser is not the prevailing party.

*See* Section 21.4 of Exhibits A & B.

## FIRST CLAIM FOR RELIEF
### (Declaratory Judgment against Pageland)

34. GWA re-alleges and incorporates the preceding paragraphs of the Complaint as if set forth herein.

35. Pageland entered into a contract with GWA to sell the Pageland Property pursuant to the terms of the Pageland Purchase Agreement.

36.     Pursuant to Section 7.2 of the Pageland Purchase Agreement, Pageland was expressly required to promptly sign any documents that may be required in connection with GWA applying for and obtaining approval of the Data Center Rezoning.

37.     On or about February 19, 2022, Pageland was presented with the Rezoning Form for its signature and was informed its signature was required by the Pageland Purchase Agreement and necessary for GWA to apply for the Data Center Rezoning ████████████████ ████████████████ Prior to the February 28, 2022 deadline, Pageland and/or its representatives were contacted numerous times about the need to comply with certain terms in the Pageland Purchase Agreement, including but not limited to the requirement to execute the Rezoning Form on or before February 28, 2022.

38.     On or about February 27, 2022, GWA delivered the February 27 Notice that GWA would consider a failure to execute the Pageland Rezoning Form on or before February 28, 2022 at 1:00 pm Eastern Time a material breach of the Pageland Purchase Agreement.

39.     As of the date of this filing, Pageland has continually and repeatedly refused to execute the Pageland Rezoning Form as required by Section 7.2 of the Pageland Purchase Agreement.

40.     The dispute between GWA and Pageland is an existing legal controversy that can be resolved by the Court through a declaratory judgment.

41.     GWA seeks a declaratory judgment from the Court declaring that Pageland is required to execute the Rezoning Applications necessary for GWA to obtain approval of the Data Center Rezoning.

DocuSign Envelope ID: EC972950-8115-41EA-A558-BF3CCD924129

**WHEREFORE**, GW seeks a declaratory judgment from the Court declaring that Pageland is required to execute the Pageland Rezoning Form necessary for GWA to obtain approval of the Data Center Rezoning.

## SECOND CLAIM FOR RELIEF
### (Declaratory Judgment against Barbara Brower)

42.     GWA re-alleges and incorporates the preceding paragraphs of the Complaint as if set forth herein.

43.     Barbara Brower entered into a contract with GWA to sell the Brower Property pursuant to the terms of the Brower Purchase Agreement.

44.     Pursuant to Section 7.2 of the Brower Purchase Agreement, Barbara Brower was expressly required to promptly sign any documents that may be required in connection with GWA applying for and obtaining approval of the Data Center Rezoning.

45.     On or about February 19, 2022, Barbara Brower, through Jon Sanders Brower, as her attorney-in-fact, was presented with the Rezoning Form for her signature and was informed her signature was necessary for GWA to apply for the Data Center Rezoning. ███████████████

████. Prior to the February 28, 2022 deadline, Jon Sanders Brower and/or his representatives were contacted numerous times about the need to execute the Rezoning Form on or before February 28, 2022.

46.     On or about March 7, 2022, Pageland and Barbara Brower, through Jon Sanders Brower, were again provided notice that their failure to execute the Rezoning Forms as required by Section 7.2 of both the Pageland Purchase Agreement and Brower Purchase Agreement was a breach of the same and if they failed to execute the Rezoning Form on or before 6:00 pm Eastern Standard Time on March 7, 2022, GWA would be force to file this lawsuit to protect its rights

DocuSign Envelope ID: EC972950-8115-41EA-A558-BF3CCD924129

and interests and to immediately stop the irreparable harm resulting from the continuing breaches of Section 7.2. March 7, 2022 Letter, attached hereto as Exhibit I.

47.     As of the date of this filing, Barbara Brower has refused to execute the Brower Rezoning Form as required by Section 7.2 of the Brower Purchase Agreement.

48.     The dispute between GWA and Barbara Brower is an existing legal controversy that can be resolved by the Court through a declaratory judgment.

49.     GWA seeks a declaratory judgment from the Court declaring that Barbara Brower is required to execute the Brower Rezoning Form necessary for GWA to obtain approval of the Data Center Rezoning.

**WHEREFORE**, GW seeks a declaratory judgment from the Court declaring that Barbara Brower is required to execute the Brower Rezoning Form necessary for GWA to obtain approval of the Data Center Rezoning.

### THIRD CLAIM FOR RELIEF
#### (Specific Performance of Section 7.2 against Pageland)

50.     GWA re-alleges and incorporates the preceding paragraphs of the Complaint as if set forth herein.

51.     Pageland entered into a contract with GWA to sell the Pageland Property pursuant to the terms of the Pageland Purchase Agreement.

52.     Pursuant to Section 7.2 of the Pageland Purchase Agreement, Pageland was expressly required to promptly sign any documents that may be required in connection with GWA applying for and obtaining approval of the Data Center Rezoning.

53.     On or about February 19, 2022, Pageland was presented with the Rezoning Form for its signature and was informed its signature was required by the Pageland Purchase Agreement and necessary for GWA to apply for the Data Center Rezoning, ████████████

DocuSign Envelope ID: EC972950-8115-41EA-A558-BF3CCD924129

Prior to the February 28, 2022 deadline, Pageland and/or its representatives were contacted numerous times about the need to comply with certain terms in the Pageland Purchase Agreement, including but not limited to the requirement to execute the Rezoning Form on or before February 28, 2022.

54.     On or about February 27, 2022, GWA caused the February 27 Notice to be delivered informing Pageland that GWA would consider a failure to execute the Pageland Rezoning Form on or before February 28, 2022 at 1:00 pm Eastern Time a material breach of the Pageland Purchase Agreement.

55.     As of the date of this filing, Pageland has repeatedly refused to execute the Pageland Rezoning Form as required by Section 7.2 of the Pageland Purchase Agreement.

56.     Pageland's refusal to execute the Pageland Rezoning Form presented to it on or about February 19, 2022 is a breach of Section 7.2 of the Pageland Purchase Agreements.

**WHEREFORE**, GWA seeks an order for specific performance from the Court ordering Pageland to execute the Pageland Rezoning Form pursuant to the terms of the Pageland Purchase Agreement.

**FOURTH CLAIM FOR RELIEF**
**(Specific Performance of Section 7.2 against Barbara Brower)**

57.     GWA re-alleges and incorporates the preceding paragraphs of the Complaint as if set forth herein.

58.     Barbara Brower entered into a contract with GWA to sell the Brower Property pursuant to the terms of the Brower Purchase Agreement.

DocuSign Envelope ID: EC972950-8115-415A-A558-BF3CCD924129

59.     Pursuant to Section 7.2 of the Brower Purchase Agreement, Barbara Brower was expressly required to promptly sign any documents that may be required in connection with GWA applying for and obtaining approval of the Data Center Rezoning.

60.     On or about February 19, 2022, Barbara Brower, through Jon Sanders Brower, as her attorney-in-fact, was presented with the Rezoning Form for her signature and was informed her signature was necessary for GWA to apply for the Data Center Rezoning, ███████████████████████████████████████████████████████████████████ Prior to the February 28, 2022 deadline, Jon Sanders Brower and/or his representatives were contacted numerous times about the need to execute the Rezoning Form on or before February 28, 2022.

61.     As of the date of this filing, Barbara Brower has continually refused to execute the Brower Rezoning Form as required by Section 7.2 of the Brower Purchase Agreement.

62.     Barbara Brower' refusal to execute the Brower Rezoning Form presented to her on or about February 19, 2022 is a breach of Section 7.2 of the Brower Purchase Agreements.

**WHEREFORE**, GWA seeks an order for specific performance from the Court ordering Barbara Brower to execute the Brower Rezoning Form pursuant to the terms of the Brower Purchase Agreement.

### FIFTH CLAIM FOR RELIEF
### (Breach of Contract against Pageland)

63.     GWA re-alleges and incorporates the preceding paragraphs of the Complaint as if set forth herein.

64.     Pageland entered into a contract with GWA to sell the Pageland Property pursuant to the terms of the Pageland Purchase Agreement.

65.     Pursuant to Section 7.2 of the Pageland Purchase Agreement, Pageland was expressly required to promptly sign any documents that may be required in connection with GWA applying for and obtaining approval of the Data Center Rezoning.

66.     On or about February 19, 2022, Pageland was presented with the Rezoning Form for its signature and was informed its signature was required by the Pageland Purchase Agreement and necessary for GWA to apply for the Data Center Rezoning, ███████████████████████████████████████████████████. Prior to the February 28, 2022 deadline, Pageland and/or its representatives were contacted numerous times about the need to comply with certain terms in the Pageland Purchase Agreement, including but not limited to the requirement to execute the Rezoning Form on or before February 28, 2022.

67.     On or about February 27, 2022, GWA caused the Pageland Default Notice Letter to be delivered informing Pageland that GWA would consider a failure to execute the Pageland Rezoning Form on or before February 28, 2022 at 1:00 pm Eastern Time a material breach of the Pageland Purchase Agreement.

68.     As of the date of this filing, Pageland has repeatedly refused to execute the Pageland Rezoning Form as required by Section 7.2 of the Pageland Purchase Agreement.

69.     Pageland's refusal to execute the Pageland Rezoning Form presented to it on or about February 19, 2022 is a breach of Section 7.2 of the Pageland Purchase Agreements.

70.      As a result of Pageland's breach of the terms of the Pageland Purchase Agreement, GWA has been damaged in an amount in excess of $75,000.00 as a result of its inability to file a completed application for Data Center Rezoning.

**WHEREFORE**, GWA seeks damages in excess of $75,000.00 in an amount to be proven at trial of this matter for Pageland's breach of the Pageland Purchase Agreement.

## SIXTH CLAIM FOR RELIEF
### (Breach of Contract against Barbara Brower)

71.     GWA re-alleges and incorporates the preceding paragraphs of the Complaint as if set forth herein.

72.     Barbara Brower entered into a contract with GWA to sell the Brower Property pursuant to the terms of the Brower Purchase Agreement.

73.     Pursuant to Section 7.2 of the Brower Purchase Agreement, Barbara Brower was expressly required to promptly sign any documents that may be required in connection with GWA applying for and obtaining approval of the Data Center Rezoning.

74.     On or about February 19, 2022, Barbara Brower, through Jon Sanders Brower, as her attorney-in-fact, was presented with the Rezoning Form for her signature and was informed her signature was necessary for GWA to apply for the Data Center Rezoning. ▮▮▮▮ Prior to the February 28, 2022 deadline, Jon Sanders Brower and/or his representatives were contacted numerous times about the need to execute the Rezoning Form on or before February 28, 2022.

75.     As of the date of this filing, Barbara Brower has repeatedly refused to execute the Brower Rezoning Form as required by Section 7.2 of the Brower Purchase Agreement.

76.     Barbara Brower' refusal to execute the Brower Rezoning Form presented to her on or about February 19, 2022 is a breach of Section 7.2 of the Brower Purchase Agreements.

DocuSign Envelope ID: EC972950-8115-41FA-A558-BF3CCD924129

77.     As a result of Barbara Brower's breach of the terms of the Brower Purchase Agreement, GWA has been damaged in an amount in excess of $75,000.00 as a result of its inability to file a completed application for Data Center Rezoning.

**WHEREFORE**, GWA seeks damages in excess of $75,000.00 in an amount to be proven at trial of this matter for Barbara Brower's breach of the Pageland Purchase Agreement.

### SEVENTH CLAIM FOR RELIEF
### (Tortious Interference With Contract against Jon Sanders Brower)

78.     GWA re-alleges and incorporates the preceding paragraphs of the Complaint as if set forth herein.

79.     At the same time the parties entered into the Pageland Purchase Agreement, numerous other third parties (collectively, the "Other Project Site Sellers") and GWA entered into purchase and sale agreements (on terms substantially similar to the Pageland Purchase Agreement, aside from the terms related to price and the specific land to be sold) to sell certain real property to GWA in the same area as, and simultaneously with, the sale by Pageland (collectively, the "Other Project Site Purchase Agreements").

80.     Pursuant to terms in the Other Project Site Purchase Agreements that are substantially similar to the terms at issue here in the Pageland Purchase Agreement, the Other Project Site Sellers timely signed their respective rezoning forms and otherwise supported the zoning the Data Center Rezoning application.

81.     During the week of February 21, 2022, Jon Sanders Brower ("Jon Brower"), the representative of Pageland, contacted Other Project Site Sellers and instructed those Other Project Site Sellers to breach the Other Project Site Purchase Agreements – specifically by refusing to execute any rezoning documents GWA requested to be signed.

82.     Upon information and belief, including based upon the conduct described above, Jon Brower had knowledge of the existence of the Other Project Site Purchase Agreements and the essential nonmonetary terms of the contractual relationship between GWA and the Other Project Site Sellers, including the Other Project Site Sellers' obligation to sign their rezoning forms and otherwise assist in the Data Center Rezoning application.

83.     Jon Brower's interference has caused, and is continuing to cause, intentional interference inducing or causing Other Project Site Sellers to breach Section 7.2 of the Other Project Site Purchase Agreements.

84.     As a result of Jon Brower's continuing tortious interference with the Other Project Site Purchase Agreements, GWA is continuing to be damaged in its relationship and expectancy with the Other Project Site Sellers.

85.     As a result of Jon Brower's tortious interference with the Other Project Site Purchase Agreements, GWA has been damaged in an amount in excess of $75,000.00 as a result of increased costs and expenses to address described above.

**WHEREFORE**, GWA seeks damages in excess of $75,000.00 in an amount to be proven at trial of this matter for Jon Brower's tortious interference with the Other Project Site Purchase Agreements entered into between GWAs and the numerous Third-Party Sellers.

### EIGHTH CLAIM FOR RELIEF
**(Breach of the Duty of Good Faith and Fair Dealing**
**against Barbara Brower (Jon Sanders Brower attorney-in-fact)**

86.     GWA re-alleges and incorporates the preceding paragraphs of the Complaint as if set forth herein.

87.     Barbara Brower (Jon Sanders Brower attorney-in-fact under Durable Power of Attorney) entered into a contract with GWA to sell the Brower Property pursuant to the terms of the Brower Purchase Agreement.

DocuSign Envelope ID: EC972950-8115-41EA-A558-BF3CCD924129



89. The duty of good faith and fair dealing is implied in the Brower Purchase

Agreement.



DocuSign Envelope ID: EC972950-8115-41EA-A558-BF3CCD924129



97.    GWA further relied on Barbara Brower's duty of good faith and fair dealing that Barbara Brower would take steps to ensure that the Brower Purchase Agreement transferred title to the Brower Property as agreed and bargained for was a breach of the duty of good faith and fair dealing.

98.    GWA was damaged by Barbara Brower's (Jon Sanders Brower attorney-in-fact) breaches of the covenant of good faith and fair dealing.

**WHEREFORE**, GWA seeks damages in an amount to be proven at the trial of this matter for Barbara Brower's (Jon Sanders Brower attorney-in-fact) breaches of the duty of good faith and fair dealing.

## PRAYER FOR RELIEF

WHEREFORE, GW Acquisition Co., LLC respectfully demands that a judgment be entered in its favor against both Pageland, Barbara Brower and Jon Brower for:

DocuSign Envelope ID: EC972950-8115-415A-A558-BF3CCD924129

A.    Compensatory, consequential, and all other available damages, pre- and post-judgment interest, costs, attorneys' fees;

B.    Declaratory judgment;

C.    Specific performance;

D.    Punitive damages;

E.    Such other relief that the Court deems just and reasonable.

## JURY DEMAND

GWA hereby demands a trial by jury on all trial issues.

**Dated: March 8, 2022**

**Respectfully submitted by**

**STINSON LLP**

   /s/ Michael Tucci

Michael Tucci (Virginia Bar No.: 32523)
1775 Pennsylvania Ave., NW, Suite 800
Washington, D.C. 20006
Tel.: (202) 785-9100
Fax: (202) 572-9950
Email: michael.tucci@stinson.com

Bradley J. Yeretsky (Mo. Bar No.: 53845)*
1201 Walnut Street, Suite 2900
Kansas City, MO 64106
Tel. (816) 691-2333
Fax: (816) 412-9384
brad.yeretsky@stinson.com
*(*Motion for Admission Pro Hac Vice forthcoming*)

***Counsel for Plaintiff***
***GW Acquisition Co., LLC***

## VERIFICATION OF COMPLAINT

I, Mark Westhoff, being duly sworn, depose and verify as follows under penalty of perjury: I am a VP, Corporate Real Estate for GW Acquisition, Co., LLC. I have read the foregoing Verified Complaint and know the contents thereof. The factual representations contained herein are true to my knowledge, except those matters stated to be alleged upon information and belief, and as to those matters, I believe them to be true. For clarity, this verification does not include legal allegations or conclusions, which I am not qualified to address.

Executed on this 8th day of March 2022.


By: _____
Name:  Mark Westhoff
Title:   VP, Corporate Real Estate
GW Acquisition, Co., LLC